UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARTFORD FIRE INSURANCE COMPANY

VERSUS

NOTTINGHAM CONSTRUCTION COMPANY,
L.L.C., ET AL

CIVIL ACTION

NUMBER 11-590-BAJ-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff Hartford Fire Insurance Company filed this civil action asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged that it is a Connecticut corporation with its principal place of business in that state. Plaintiff named as two of the defendants "Nottingham Construction Company, L.L.C. ('Nottingham'), a Louisiana limited liability corporation with its principal place of business in East Baton Rouge Parish, Louisiana," and "C&T Equipment, L.L.C. ('C&T Equipment') a Louisiana limited liability corporation with its principal place of business in East Baton Rouge Parish, Louisiana."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3]

Defendant's jurisdictional allegations are not sufficient to establish diversity jurisdiction because the form of organization of defendants Nottingham and C&T Equipment is unclear, and if they are limited liability companies, their citizenship has not been properly alleged. Plaintiff named both defendant Nottingham and defendant C&T Equipment using the term "L.L.C." but then described each as a "limited liability corporation." The use of "L.L.C." in the name typically refers to a limited liability company, not a corporation. If defendant Nottingham and/or C&T Equipment is a limited liability company, its citizenship is not determined by the state where it is incorporated or has its principal place of business. Its citizenship is determined by the citizenship of its

---

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

members.

Therefore;

IT IS ORDERED that plaintiff Hartford Fire Insurance Company shall have 14 days to file an Amended Complaint which clarifies the organizational form of defendants Nottingham Construction Company, L.L.C. and C&T Equipment, L.L.C., and properly alleges the citizenship of the defendant if it is a limited liability company.

**Failure to comply with this order may result in the case being dismissed for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, August 26, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE